

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

ERIC ADAMS,

                Petitioner,

   -against-

UNITED STATES OF AMERICA,

                Respondent.
----------------------------------------X

MEMORANDUM
AND ORDER
06-CV-002984 (CBA)

AMON, United States District Judge:

Petitioner Eric Adams, proceeding *pro se*, currently incarcerated at USP Marion, files what he labels a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking to repeat a challenge to his 1995 conviction before the Honorable Reena Raggi. For the reasons set forth below, the Court cannot consider the instant petition and transfers it to the United States Court of Appeals for the Second Circuit under 28 U.S.C. § 1631.

Petitioner has sought to challenge this same conviction on numerous occasions, invoking various sections of the federal law. In 1997, petitioner filed a motion for § 2255 relief before Judge Raggi which was denied on March 26, 1999. Adams v. United States, 97-CV-1241 (RR). Petitioner then filed a request to the Second Circuit to file a second or successive petition which was denied. Petitioner has also filed two motions pursuant to 28 U.S.C. § 2255 in the United States District Court, District of Colorado. Adams v. R.E. Holt, 00 CV 2189, Adams v. R.E. Holt, 01 CV 579, both of which were dismissed. I dismissed petitioner's petition for a writ of habeas corpus filed in 2003 pursuant to 28 U.S.C. § 2241 as improper, because petitioner was not challenging the execution of his sentence and it could not be said that § 2255 provided an inadequate or ineffective remedy to test the legality of petitioner's detention. Adams v. United

States, 03 CV 0288 (CBA), Order dated January 24, 2003. The Second Circuit affirmed the dismissal by mandate issued October 4, 2004. Then, earlier this year, I denied petitioner's application for a writ of *audita querela* as an attempt to circumvent the requirements of filing a second or successive habeas petition. Adams v. United States, 06-CV-566 (CBA), Order dated April 28, 2006.

Petitioner returns to the Court, this time repeating his use of section 2241 in order to once again challenge his 1995 conviction. When a district court is "presented with a § 2241 petition raising previously available claims appropriately the subject of a § 2255 motion, district courts should construe the petition as a second or successive § 2255 motion and transfer it to [the Court of Appeals] for certification, so long as the prisoner had a prior § 2255 motion dismissed on the merits." Jiminian v. Nash, 245 F. 3d 144,148 (2d Cir. 2001). Here, since the claims of the instant petition could have properly been raised in his previous § 2255 motion and petitioner's previous § 2255 motion was dismissed on the merits, the instant petition is properly characterized as a second or successive § 2255 petition, which cannot be filed without the Court of Appeals' permission under 28 U.S.C. § 2244. Id.

The Second Circuit has stated that district courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 unless the petitioner receives notice and an opportunity to withdraw. See Adams v. United States, 155 F.3d 582, 584 (2d Cir. 1998) (petitioner's motion pursuant to Fed. R. Civ. P. 12 (b)(2) should not have been recharacterized as a motion under § 225 at least until it was decided whether such a conversion could affect the petitioner's right to bring a future petiion). However, since petitioner has already challenged this sentence by filing motions for relief under 28 U.S.C. § 2255, the Court need not give petitioner notice and the opportunity to withdraw the instant motion. Jiminian v.

Nash, 245 F. 3d at 148.

Therefore, in the interest of justice, this matter is transferred to the United States Court of Appeals for the Second Circuit. 28 U.S.C. § 1631; see also Liriano v. United States, 95 F. 3d 119, 122-23 (2d Cir. 1996) (per curiam). The Clerk is directed to close the matter. If the Circuit authorizes petitioner to proceed, petitioner shall move to reopen the case under this docket number.
SO ORDERED.

Carol Bagley Amon
United States District Judge

Dated: Brooklyn, New York
June 28, 2006